***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence of record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Baddour with minor modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. *Page 2 
2. On November 8, 2007, an employment relationship existed between Plaintiff and Employer-Defendant.
3. Travelers Indemnity Company of America is the carrier on the risk.
4. Plaintiff's average weekly wage is $600.00, yielding a compensation rate of $400.02.
 *********** EXHIBITS
1. The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Plaintiff's Medical Records
 (c) Stipulated Exhibit 3: Plaintiff's Recorded Statement
 (d) Plaintiff's Exhibit 1: Camp Don Lee 2008 Brochure
 (e) Plaintiff's Exhibit 2: Camp Don Lee 2007 Brochure
 (f) Plaintiff's Exhibits 3 through 9: Photographs
 (g) Plaintiff's Exhibit 10: Home Health Services Brochure
 (h) Plaintiff's Exhibit 11: Handwritten Statement
 (i) Plaintiff's Exhibit 12: Example of Paper Trimmed from Brochure on November 8, 2007
 (j) Plaintiff's Exhibit 13: Example of Typical Paper Trimmed from Brochures
 (k) Plaintiff's Exhibit 14: Light Duty Medical Note dated May 12, 2008
 (l) Defendants' Exhibits 1 through 7: Photographs
2. The following depositions were submitted into evidence: *Page 3 
 (a) Dr. Stanley Gilbert
 (b) Dr. Mark Brenner
 *********** ISSUES
1. Whether Plaintiff sustained a compensable injury by accident on November 8, 2007.
2. If so, to what benefits, if any, is Plaintiff entitled?
 ***********
Based upon all of the competent credible evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff has been employed as a four color pressman for Employer-Defendant since 2005. Employer-Defendant is a printing company that prints various products, including summer camp brochures.
2. On November 8, 2007, Plaintiff was working on a print job that included trimming the edges of over 1,000 camp brochures to remove excess paper. On this date, two employees that were scheduled to work were absent from work. Due to the absence of these employees, only Plaintiff and his supervisor, Lyle Sencebaugh, were available to clean up scrap paper that was produced from trimming the camp brochures.
3. The strips of paper cut from the brochures on November 8, 2007 were 1 to 1.5 inches wide. Mr. Sencebaugh testified that since he began working for Employer-Defendant in 2007, the strips of scrap paper had never been that wide. Normally strips of scrap paper are between 1/8th and 1/4th inch wide. The paper trimmed from the brochures on November 8, 2007 *Page 4 
was wider than normal because of the unusual size of the brochure requested by the customer. The next size down in paper could not be used because it was too short on one side, and therefore larger paper, with significant trimming, had to be used. Additionally, the paper used was a heavy grade paper which contributed to the overall weight of the strips.
4. Plaintiff and Mr. Sencebaugh picked up the unusually large strips of scrap paper by hand and put them in a trash can. The trash can was then dumped into a larger container. The thickness of the strips made a significant difference in the weight of the trash can. With normal size scrap, Mr. Sencebaugh estimated that a full trash can weighs 40 to 45 pounds. Mr. Sencebaugh lifted a full trash can of the wider scrap on November 8, 2007 and estimated it weighed approximately 100 pounds. Similarly, Plaintiff estimated the trash cans on November 8, 2007 weighed at least 80 pounds.
5. Mr. Sencebaugh testified he could hardly pick up the trash can on November 8, 2007 and had to use his knee to hoist it. Because Mr. Sencebaugh has a bad back, Plaintiff began lifting and dumping the trash can by himself. After lifting and dumping the trash can approximately eight times, Plaintiff felt a pop in his right elbow while emptying the can.
6. While Plaintiff had lifted and dumped trash cans of scrap paper before, the trash cans he lifted on November 8, 2007 weighed significantly more due to the unusual size of the scrap paper. This was a new circumstance that was not part of Plaintiff's usual work routine and required unusual or extreme exertion.
7. Plaintiff was ultimately diagnosed with a right biceps tendon tear at the elbow. The medical testimony of record establishes that this injury was caused by the events at work on November 8, 2007. *Page 5 
8. Plaintiff underwent repair surgery by Dr. Stanley Gilbert, an orthopaedic surgeon, on November 15, 2007. Following the surgery, Plaintiff was out of work for a period of time, and then ultimately returned to work for Employer-Defendant. Although Dr. Gilbert did not assign Plaintiff work restrictions at Plaintiff's request, Dr. Gilbert testified that Plaintiff "really did need to restrict his lifting." Dr. Gilbert testified that when he last saw Plaintiff on May 12, 2008, he was "capable of doing light duty" but needed a "functional capacity evaluation [to] get a more scientific basis for work restriction[s]."
9. On April 30, 2008, Plaintiff saw Dr. Mark Brenner, an orthopaedic surgeon, for a second opinion on treatment. Dr. Brenner testified that Plaintiff may need additional surgery if he continues to experience pain.
10. There is no evidence that Plaintiff has reached maximum medical improvement, and he has not been evaluated for a permanent partial disability rating.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury to his right arm as a result of an accident arising out of and in the course of his employment with Employer-Defendant on November 8, 2007. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to temporary total disability compensation at the rate of $400.02 per week for the periods of time he was kept out of work by Dr. Gilbert for his compensable injury. N.C. Gen. Stat. § 97-29. *Page 6 
3. Following his return to work, Plaintiff is entitled to temporary partial disability for any week that he worked but earned less than his average weekly wage of $600.00 due to his compensable injury. N.C. Gen. Stat. § 97-30.
4. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of his compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including treatment provided by Dr. Gilbert and Dr. Brenner. N.C. Gen. Stat. §§ 97-2(19); 97-25.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney's fee approved below, Defendants shall pay temporary total disability compensation to Plaintiff at the rate of $400.02 per week for the periods of time he was kept out of work by Dr. Gilbert for his compensable injury. Because this compensation has accrued, it shall be paid in a lump sum.
2. Subject to the attorney's fee approved below, Defendants shall pay temporary partial disability compensation to Plaintiff for any week that he worked but earned less than his average weekly wage of $600.00 due to his compensable injury.
3. Defendants shall pay for medical expenses incurred or to be incurred as a result of Plaintiff's compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability, including treatment provided by Dr. Gilbert and Dr. Brenner.
4. A reasonable attorney's fee in the amount of twenty-five percent (25%) is hereby approved to be deducted from sums due Plaintiff and paid directly to Plaintiff's counsel. *Page 7 
5. Defendants shall pay expert witness fees as follows: Dr. Stanley Gilbert in the amount of $125.00 and Dr. Mark Brenner in the amount of $125.00.
6. Defendants shall pay the costs due the Commission.
This the 23rd day of November, 2009.
 S/__________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/__________ PAMELA YOUNG CHAIR
 S/__________ CHRISTOPHER SCOTT COMMISSIONER *Page 1